UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PACKAGING CORP OF AMERICA** | : | **CASE NO. 2:23-CV-01101** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **HEAVY MACHINES L L C ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Leave to File Second Supplemental and Amending Petition for Damages filed by plaintiff, Packaging Corporation of America ("PCA"). Doc. 37. Plaintiff seeks to correct the name of one of the original defendants and add a new defendant. The new defendant and PCA are both Delaware entities, implicating this Court's diversity jurisdiction. Defendant Liebherr-America, Inc. ("Liebherr") opposes the motion. Doc. 41. Plaintiff filed a reply [doc. 42]. Both parties were granted leave to file supplemental memoranda, [doc. 54, 55] and the motion is now ripe for ruling. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons that follow, **IT IS RECOMMENDED** that the Motion for Leave to File Second Supplemental and Amending Petition for Damages [doc. 37] be **GRANTED.** Because the amendment adds the non-diverse party USSC Acquisition Corp., it is **FURTHER RECOMMENDED** that this matter be **REMANDED** to state court for lack of subject matter jurisdiction.

# I.
## BACKGROUND

This matter arises out of a fire that occurred on April 24, 2022, involving a Liebherr Model PR766 Dozer (the "Dozer") at the PCA facility in DeRidder, Louisiana.  Doc. 1, att. 1,  The Dozer was equipped with a fire suppression system that PCA alleges failed to properly operate, causing fire to ignite in the Dozer's interior and certain enumerated damages.  Doc. 1, att. 1.

Plaintiff PCA filed suit in the 36th Judicial District Court for Beauregard Parish, Louisiana, on April 24, 2023.  *Packaging Corp. of Am. v. Heavy Machines, LLC et al.*, No. C-2023-0303, Div. "B" (La. 36th J.D.C.).  Doc. 1, att. 1.  Named as defendants were Heavy Machines, LLC; Fogmaker International AB; Fogmaker North America; Liebherr-America, Inc.; Liebherr USA, Co.; and Liebherr-International AG.  Doc. 1, att. 1, p. 1.

Relevant to this motion, PCA alleges the Fogmaker defendants manufactured the fire suppression system in the Dozer.  Doc. 1, att. 1, p. 1, ¶ 4.  The petition further alleges that the fire suppression system failed to adequately disperse suppressant into the engine and cabin area because of a disconnected part, causing the fire to do extensive damage.  *Id.* at pp. 2–3.

After being served with PCA's Original Petition[1] and First Supplemental Petition, Defendant Liebherr removed the matter to this court with the consent of the other defendants, asserting that this Court may exercise diversity jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship[2] and the petition alleges that PCA's damages exceed the threshold for federal court diversity jurisdiction.  Doc. 1.

---

[1] Service of the original petition was withheld at PCA's request.  Doc. 1, p. 2, ¶ 3.

[2] Plaintiff PCA is a Delaware corporation with its principal place of business in Illinois, making it a citizen of Delaware and Illinois.  Doc. 19; 28 U.S.C. § 1332(c)(1).  Defendant Heavy Machines, LLC is a limited liability company whose sole members are three natural persons, all of whom are domiciled in Tennessee and therefore citizens of Tennessee.  Doc. 5;  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that an LLC takes the citizenship of its members).  Defendants  Liebherr-America Inc. and Liebherr USA, Co. are Virginia corporations with their principal places of business in Virginia, making them citizens of Virginia.  Doc. 16.   Defendant Liebherr-

Liebherr noted in the Notice of Removal that "'Fogmaker North America' is a trade name or fictitious name[,]" such that its citizenship could be disregarded for the purposes of determining whether diversity of citizenship exists. Doc. 1, pp. 4–5, ¶ 16. Among documents supporting the Notice of Removal are public records indicating that USSC Acquisition Corp. ("USSC") is the entity in control of that trade name, including documents indicating that "Fogmaker North America" is registered to USSC.[3] *See* Doc. 1, att. 8.

Two weeks later, Fogmaker North America (the trade name defendant) filed an answer on its own behalf, admitting that "Fogmaker North America is a foreign corporation authorized to do and doing business in Louisiana." Doc. 22, p. 1, ¶ 1. After another two weeks, Fogmaker North America filed an amended answer confirming that "Fogmaker North America is not an incorporated entity but rather a trade name which is not a legal entity capable of being sued." Doc. 29, p. 1, att. 1. PCA filed the instant motion within a month of Fogmaker North America's amended answer.

In its Motion for Leave, PCA seeks leave to amend the petition to properly name "Fogmaker North America" as "Fogmaker North America L.L.C.," and to add new, non-diverse defendant, USSC (collectively, the "new Fogmaker defendants"). Doc. 39, pp. 1–2. In its supplemental briefing, filed after propounding discovery on the Fogmaker defendants, PCA provides substantial support for the proposition that USSC is the real entity behind the trade name

---

International AG is a corporation incorporated in Switzerland with its principal place of business in Switzerland, making it a citizen of Switzerland. Doc. 21.

[3] According to documentation attached to the Notice of Removal, USSC registered "Fogmaker North America" as a fictitious name on June 26, 2018, describing the nature of the business to be carried on under that fictitious name as "Developer and manufacturer of fire suppression technology for the automotive industry." Doc. 1, att. 8. On the same date, Fogmaker North America, LLC filed a "Consent to Appropriation of Trade Name" in favor of Fogmaker North America. Doc. 1, att. 8. On August 15, 2023, Marcel Schmitt executed a declaration indicating that he is "Chief Financial Officer of Fogmaker North America, which is a trade name[;]" without indicating the identity of the entity operating under that trade name. Doc. 1, att. 16.

of original defendant Fogmaker North America: PCA asserts that USSC owned the tradename "Fogmaker North America" at all relevant times; Marcell Schmitt, who previously executed a Declaration[4] identifying himself as "CFO" of "Fogmaker North America" is employed by USSC; and "Fogmaker North America, Fogmaker North America, L.L.C., and USSC have the same business address in Exton, PA." Doc. 54, p. 2.

Although PCA's briefing does not fully address the citizenship of the new parties,[5] it does allege that USSC is a "Delaware corporation with a registered office in Pennsylvania." Doc. 39, p. 2. PCA does not allege the citizenship of Fogmaker North America, LLC. Liebherr notes in opposition that "if USSC is a Delaware corporation as alleged, its joinder would destroy diversity of citizenship because Plaintiff is also a Delaware corporation." Doc. 41, p. 7. According to its Diversity Jurisdiction Disclosure Statement, PCA is a Delaware corporation with its principal place of business in Illinois. Doc. 19. The Court takes judicial notice that the Delaware Department of State maintains records indicating that entities named "USSC Acquisition Corp." and "USSC Acquisition Corporation" are corporations domiciled in Delaware.[6]

## II.
## LAW AND ANALYSIS

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When confronted with such an amendment, the

---

[4] Doc. 1, att. 16.

[5] The parties are reminded that "If a motion for leave to amend proposes to add a party that may destroy diversity of citizenship in a case that was removed from state court based on diversity jurisdiction, the movant must notify the court of the issue and file a memorandum that sets forth facts relevant to the determination that will have to be made under 28 U.S.C. § 1447(e)." W.D. La. Loc. R. 7.6.

[6] State of Delaware, Department of State, Division of Corporations Entity Search Page, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited August 27, 2024).

court should "use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  Normally, when a court assesses a motion for leave to amend a pleading, the Federal Rules of Civil Procedure require that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But when a plaintiff seeks to add a non-diverse defendant after removal, thereby destroying diversity and requiring remand, the court must consider the "original defendant's interest in the choice of forum" and "should scrutinize that amendment more closely than an ordinary amendment."  *Hensgens*, 833 F.2d at 1182.  The ultimate question is whether "justice requires" the amendment.  *Id.*

In exercising its discretion to answer that question, the court is required to "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."  *Id.*  The *Hensgens* factors are 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, 3) whether plaintiff will be significantly injured if amendment is not allowed, and 4) any other factors bearing on the equities.  *Id.*

### A.  The *Hensgsens* factors

#### 1. The extent to which the purpose of the amendment is to defeat federal jurisdiction

The first *Hensgens* factor considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction."  *Id.* at 1182.  In considering this factor, courts may ask whether plaintiff was "aware of the identities and activities of the non-diverse defendants before it filed suit in state court and only chose to add them as parties to the suit after the proceedings were removed to federal court."  *G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014), *see also In re Norplant Contraceptive Prod. Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex.

1995). This may be relevant because "courts have viewed the later attempt to add the nondiverse defendant as nothing more than an attempt to destroy diversity." *Norplant*, 898 F. Supp. at 431.

The original petition seeks damages stemming from a fire in the Dozer, and it contains detailed allegations about the failure of the fire suppression system allegedly manufactured by Fogmaker North America, a trade name. Doc. 1, att. 1. The proposed amendment seeks to identify the real entities behind that trade name. "There is no indication that the purpose of the amendment is to defeat diversity. The plaintiff is not seeking to add a new defendant. Instead, plaintiff is seeking to substitute [] named defendant[s], . . . , for a fictitious defendant, . . . , who was present in the original petition for damages." *Ellender v. Rite Aid Pharmacy*, No. CIV.A. 08-0722, 2008 WL 4200716, at *2 (W.D. La. Sept. 8, 2008) (alteration added). Given the plausibility of the claims against the new Fogmaker defendants, "it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Fontenot v. Union Pac. R.R. Co.*, No. CV 17-785, 2019 WL 12097919, at *3 (W.D. La. Feb. 5, 2019). Because the amendment does not appear calculated to defeat diversity jurisdiction, the first factor weighs in favor of granting the motion for leave to amend.

### 2. Whether plaintiff has been dilatory in asking for amendment

The next *Hensgens* factor considers "[w]hether plaintiff has been dilatory in asking for amendment." *Hensgens*, 833 F.2d at 1182. A motion to amend filed nineteen days after a third party's answer is not dilatory. *Staten v. Guardiola,* No. 19-CV-0143, 2019 WL 2396956, at *2 (W.D. La. Apr. 15, 2019), *report and recommendation adopted*, 2019 WL 2399741 (W.D. La. June 5, 2019). A motion to amend filed two months after the original petition is "not necessarily dilatory." *Norplant*, 898 F. Supp. at 432. A delay of more than two years after the complaint is considered dilatory where the defendants were known to the plaintiff at the time he filed suit.

*Johnson v. Faniel*, No. 6:17-cv-0571, 2020 WL 814186, at *4 (W.D. La. Feb. 18, 2020). Courts tend to look at the time that has passed between the original petition and the amendment, or the amount of time between the removal and the amendment. *Neely v. Scottdale Ins. Co.*, No. Civ.A. 14-0048, 2014 WL 1572441 at *5 (E.D. La. Apr. 17, 2014).

In this case, there is no indication that PCA knew of the existence of the new Fogmaker defendants before the Notice of Removal was filed. The first indication that "Fogmaker North America" is a trade name or fictitious name comes in the Notice of Removal. PCA filed the instant motion to amend less than two months later, within one month of Fogmaker North America's amended answer clarifying that it is, in fact, a trade name. Doc. 37. PCA's delay in concluding that Fogmaker North America is a trade name may be attributable, at least in part, to Fogmaker North America's reversal of position on that point. *See* doc. 22. Under these circumstances, the court does not consider the amendment dilatory, which weighs in favor of granting leave to amend.

### 3. Whether plaintiff will be significantly injured if amendment is not allowed and other equities

The third *Hensgens* factor considers "whether plaintiff will be significantly injured if amendment is not allowed." *Hensgens*, 833 F.2d at 1182. PCA argues that the new Fogmaker defendants are key parties to the lawsuit because the allegedly failed fire suppression system may have caused the losses PCA suffered, meaning that PCA would lose any portion of a damage award attributed to the new Fogmaker defendants' fault if this case were to progress to trial in their absence. Doc. 42, p. 5.

Defendant Liebherr makes several arguments that PCA stands to gain little by joining the new Fogmaker defendants, such that PCA will not be significantly harmed by their absence. Most notably, Liebherr argues that the amendment is effectively futile because PCA's claims against the new Fogmaker defendants are time-barred due to the accrual of liberative prescription under

- 7 -

Louisiana law. Doc. 41, p. 9. In reply, PCA plausibly argues that the running of prescription was interrupted by the filing of the original petition. Doc. 42, p. 6–7. Alternately, PCA argues that the claims against the new Fogmaker defendants may relate back to PCA's original petition under Rule 15(c) of the Federal Rules of Civil Procedure. *Id.* PCA's facially valid[7] arguments are sufficient to satisfy the Court that the amendment is not futile. Because denying amendment would require PCA to proceed to trial without key defendants, the third factor weighs in favor of allowing amendment.

### 4. Any other factors

The final factor asks the court to consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Here, defendant Liebherr argues convincingly that all parties to this action have taken significant concrete steps in this litigation, availing themselves of the federal forum. Doc. 55. Liebherr points specifically to the motion for summary judgment filed by putative defendant Fogmaker North America and the responses filed thereto [docs. 43, 45, 46, 49] and the exchange of written discovery among various parties. The court also gives weight to the removing defendant's choice of forum. Although these factors weigh in favor of retaining jurisdiction, they do not outweigh the *Hensgens* factors that favor allowing PCA to proceed against the entities it intended to sue in its original Petition.

---

[7] The merits of Liebherr's arguments as to the timeliness of the claims against the new Fogmaker defendants are not properly before the Court on this motion. Beyond determining the facial plausibility of PCA's response to Liebherr's arguments, this Court makes no merits determination on those arguments because the Court lacks relevant information as to whether and when the new Fogmaker defendants received actual notice of the litigation and any related prejudice to the Fogmaker defendants. *See, e.g.*, *Lacy v. GeoVera Advantage Servs. Inc.*, No. 2:22-CV-05978, 2023 WL 3022566, at *3 (W.D. La. Apr. 20, 2023) (dismissing matter as prescribed and finding no relation back under Fed. R. Civ. P. 15 after discussing the extent to which two GeoVera entities were distinct companies and shared knowledge of pending litigation).

## IV.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion for Leave to File Second Supplemental and Amending Petition for Damages [doc. 37] be **GRANTED.**

Because the amendment adds the non-diverse party USSC Acquisition Corp., it is **FURTHER RECOMMENDED** that this matter be **REMANDED** to state court for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636 and Fed. R. Civ. P. 72, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996) *superseded on other grounds by* 28 U.S.C. § 636(b)(1).

**THUS DONE AND SIGNED** in chambers this 9th day of September, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**